## OIL HEAT COMPANY v MOORE

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 3, 1933

Barnum, Hammond, Stephens & Hoyt, Youngstown, for plaintiff in error.

John Ruffalo, Youngstown, for defendant in error.

### OPINION

By FARR, J.

There is nothing here to disclose that there was any difference in these two employes so far as rank was concerned. One had as much to do with the placing of the tank and turning it over as the other. Therefore, it follows that the "other fellow" spoken of in the record did not have any authority to give orders to Moore, but in turning the tank it slipped and his hand was injured.

A careful examination of the record has been made and there is no testimony disclosed that indicates any negligence on the part of the "other man" who was assisting in the turning of the tank. He did not assume to give Moore any orders as to where he should take hold of the tank or how he should hold it. It may be that these two men had somewhat different ideas as to the best method of turning the tank, but it does not appear that either assumed command in the operation, and, as before stated, a careful examination of the record fails to disclose any negligence upon the part of the "other man." As before stated, it was just an undertaking by the two men to place this tank for the purpose for which it was to be used, and they were working together in this behalf. Had the other fellow attempted to tell Moore how he

**36**

should catch the tank, how he should hold it, and if he had authority so to do, a different situation might obtain here, but it is nevertheless true that there is no testimony indicated in this record that discloses negligence upon the part of the man that Moore was assisting.

The petition sets out three different grounds of negligence. First, in carelessly, recklessly and negligently failing to warn or apprise this plaintiff of the fact that the oil tank was about to slip, fall down and injure him, as aforesaid. That certainly would have been very difficult for him to have apprehended; that the tank was going to slip and therefore he should warn Moore. Second, in carelessly, recklessly and negligently allowing and permitting the oil tank in question to slip and fall down upon his left hand and injure him, as aforesaid. It may be observed that there is no testimony in the record to sustain this second claim of negligence. Third, in carelessly, recklessly and negligently failing to so handle and manipulate said oil tank that the same would not slip and fall down upon plaintiff's said hand and injure him, as aforesaid. It was just as much Moore's duty to take care of himself during the manipulation of the tank as it was the duty of the other fellow, or Moore's fellow employe, to instruct him. Therefore, the conclusion is reached that there is no testimony disclosed by the record that shows negligence upon the part of the other fellow and inferentially upon the part of the Oil Heat Company.

For the reason given, that this judgment is against the weight of the evidence, it is reversed.

Judgment reversed.

POLLOCK and ROBERTS, JJ, concur in the judgment.